**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

NEAL POWELL,                                :
                                                       :        **Civil No. 3:15-CV-1438**
     **Petitioner**                   :
                                                       :
v.                                                      :
                                                       :        **(Magistrate Judge Carlson)**
WARDEN, U.S. P. ALLENWOOD, :
                                                       :
     **Respondent**                 :

**MEMORANDUM OPINION**

## I.    Statement of Facts and of the Case

In this case we are asked to consider whether a federal inmate who seeks extraordinary federal habeas corpus relief setting aside various disciplinary citations arising out of institution misconduct may proceed to federal court without first exhausting his administrative remedies within the prison system.  Finding that exhaustion is a prerequisite to habeas relief in this setting, and further concluding that Powell has not exhausted his administrative remedies, we will deny this petition for writ of habeas corpus.

Neal Powell is a convicted bank robber, who is currently serving a 62-month federal prison sentence.  Powell's current projected release date on this bank robbery conviction is January 2016, and Powell has alleged that this  projected release from prison has been delayed due to the loss of good time.  Powell forfeited this good time

after he was found guilty of several prison rules infractions in disciplinary proceedings which apparently occurred between 2013 and 2014. In this petition, Powell now contends that these disciplinary hearings were fundamentally unfair because the Disciplinary Hearing Officer (DHO) conducting these hearings did not take into account the fact that he suffered from an "impulsive control disorder" which caused him to act out in a rash manner at times. This claim, which lies at the heart of Powell's petition, is precisely the type of fact-bound issue which benefits from prompt administrative exhaustion and review. Yet, regrettably, Powell never fully sought administrative review of these matters.

This failure is particularly regrettable since, with respect to these disciplinary citations at the time of these events, the Bureau of Prisons had a three-level administrative remedy process in place that must be fully exhausted before an inmate can bring an action in federal court. <u>See</u> 28 C.F.R. § 542.10, *et seq.* "The purpose of the Administrative Remedy Program is to allow an inmate to seek formal review of an issue relating to any aspect of his/her own confinement." <u>Id</u>. at § 542.10(a). "If an inmate raises an issue in a request or appeal that cannot be resolved through the Administrative Remedy Program, the Bureau will refer the inmate to the appropriate statutorily-mandated procedures." <u>Id</u>. at § 542.10(c). In order to exhaust appeals under the BOP's administrative remedy procedure, an inmate must first informally

2

present his complaint to staff, and staff is to attempt to resolve the matter. Id. at §

542.13(a). If the informal resolution is unsuccessful, then the inmate must execute

the appropriate form and bring the matter to the attention of the warden. Id. at

§542.14. The warden is then to respond to the inmate's complaint within 20 calendar

days. If the inmate is dissatisfied with the warden's response, he may then appeal to

the BOP Regional Director within 20 calendar days. Id. at § 542.15(a). If the

response of the BOP Regional Director is not satisfactory, the inmate may then appeal

to the BOP Central Office within 30 calendar days, which office is the final

administrative appeal in the BOP. Id. An exception is made for appeals of decisions

of a discipline hearing officer ("DHO"), such as in the instant case, which are first

raised directly to the BOP Regional Office and then to the BOP Central Office. 28

C.F.R. §542.14(d)(2). No administrative remedy appeal is considered to have been

fully exhausted until rejected by the BOP Central Office. Id. at § 542.15(a).

In this case, with regard to these disciplinary citations, it is undisputed that

Powell did not fully exhaust his administrative remedies. Rather, prison records

reveal only fitful, halting, and procedurally inadequate efforts to exhaust these

remedies. These efforts began on August 18, 2014, when Powell filed an

administrative remedy with the Bureau of Prisons Regional Office in which he

appealed a disciplinary hearing. (Doc. 12-1, ¶ 14.) That remedy was rejected on

August 19, 2014, since Powell had failed to provide a copy of the disciplinary report he was challenging and neglected to identify the disciplinary charges he was challenging. (Id. ¶ 15; Attach. 2.) Although his initial grievance was rejected, Powell was instructed: "You may resubmit your appeal in proper form within 10 days of the date of this rejection notice." (Id.) There is no record that Powell ever followed this guidance or properly filed an appeal of the rejection of this particular administrative remedy. (Id. ¶ 16.)

Three days later, on August 21, 2014, Powell filed another administrative remedy with the Regional Office appealing a disciplinary hearing outcome. ( Id. ¶ 17.)

That remedy was rejected on August 27, 2014, because Powell: "did not provide a copy of the DHO report; or you did not otherwise identify the charges and date of the DHO action you are appealing." (Id. ¶18.) Once again, Powell was specifically instructed that: "You may resubmit your appeal in proper form within 10 days of the date of this rejection notice." (Id.)

Powell did not follow this instruction, but instead chose to appeal this Regional Office decision to the Bureau of Prisons' Central Office on September 23, 2014. ( Id. ¶ 22.) That appeal was rejected on October 30, 2014 and Powell was informed that he should: "Correct the issues addressed in the Region's rejection notice and

resubmit appeal to the Region." (Id.; Attach. 2 at 9.)  Powell apparently never followed this guidance as there is no record that Powell re-filed his appeal as he had been directed to do in writing by both the Regional Office and the Central Office. (Id. ¶ 24.)

At the same time that Powell was pursuing this erratic course, on September 22, 2014, he filed yet another administrative remedy with the Regional Office in which he appealed a disciplinary hearing. (Id. ¶ 19.)  This grievance was denied on October 22, 2014, (Id. ¶ 20), and there is no record that Powell appealed this particular decision. (Id. ¶ 21.)

It is against this backdrop marked by halting and incomplete efforts to exhaust his administrative remedies that Powell now files the instant federal habeas corpus petition challenging these disciplinary outcomes. (Doc. 1.)  In connection with this petition, Powell candidly acknowledges a failure to exhaust his administrative remedies, but insists that exhaustion was not necessary because he believed that exhaustion would have been futile. (Docs. 1 and 14.)

For the reasons set forth below, we disagree.  In our view proper exhaustion was not superfluous or futile.  Rather, it was essential.  Therefore, since it is undisputed that Powell did not exhaust his administrative remedies, this petition for writ of habeas corpus will be denied.

II.   **Discussion**

   A.   **The Exhaustion Doctrine Bars Consideration of Powell's Disciplinary Citation Claims**

Powell's complaint about his 2013 and 2014 disciplinary citations suffers from a fundamental procedural flaw since the petitioner has failed to properly exhaust his administrative remedies within the federal prison system.  Although 28 U.S.C. § 2241 contains no express exhaustion requirement, "[o]rdinarily, federal prisoners are required to exhaust their administrative remedies prior to seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241." Gambino v. Morris, 134 F.3d 156, 171 (3d Cir.1998); see also, e.g., Callwood v. Enos, 230 F.3d 627, 634 (3d Cir.2000); Bradshaw v. Carlson, 682 F.2d 1050, 1052 (3d Cir.1981).  These exhaustion rules serve an important and salutary purpose.  The United States Court of Appeals for the Third Circuit requires administrative exhaustion of a claim raised under § 2241 for three reasons:  "(1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy." Moscato v. Federal Bureau of Prisons, 98 F.3d 757, 761-62 (3d Cir.1996); see also Gambino, 134 F.3d at 171; Lyons v. U.S. Marshals, 840 F.2d 202, 205 (3d Cir.1988).

In this case, it is undisputed that Powell has not fully exhausted his administrative remedies, since Powell neglected to fully prosecute any grievance through the three-tier grievance process prescribed by prison regulations. Thus, this case presents the very paradigm of an unexhausted petition. With respect to unexhausted habeas claims like those presented by here, it is well settled that: "Courts in the Middle District of Pennsylvania have consistently held that 'exhaustion of administrative remedies is not rendered futile simply because a prisoner anticipates he will be unsuccessful in his administrative appeals . . . ..'" Ross v. Martinez, No. 09-1770, 2009 WL 4573686, 3 (M.D.Pa. Dec. 1, 2009). Quite the contrary, rigorously applying these exhaustion requirements, courts have consistently rejected habeas petitions challenging prison disciplinary decisions where the inmate-petitioners have failed to fully exhaust their administrative remedies. See, e.g., Johnson v. Williamson, 350 F. App'x 786 (3d Cir. 2009); Pinet v. Holt, 316 F. App'x 169 (3d Cir. 2009); Moscato v. Federal Bureau of Prisons, 98 F.3d. 757 (3d Cir. 1996).

As this Court has previously explained when dismissing a federal prisoner's habeas petition for failure to exhaust administrative remedies:

> In order for a federal prisoner to exhaust his administrative remedies, he must comply with 28 C.F.R. § 542. See 28 C.F.R. § 542.10, et seq.; Lindsay v. Williamson, No. 1:CV-07-0808, 2007 WL 2155544, at *2

7

(M.D.Pa. July 26, 2007).  An inmate first must informally present his complaint to staff, and staff shall attempt to informally resolve any issue before an inmate files a request for administrative relief.  28 C.F.R. § 542.13(a).  If unsuccessful at informal resolution, the inmate may raise his complaint with the warden of the institution where he is confined. 28 C.F.R. § 542.14(a).  If dissatisfied with the response, he may then appeal an adverse decision to the Regional Office and the Central Office of the BOP. 28 C.F.R. §§ 542.15(a), 542.18.   No administrative appeal is considered finally exhausted until a decision is reached on the merits by the BOP's Central Office.  See Sharpe v. Costello, No. 08-1811, 2008 WL 2736782, at *3 (3d Cir. July 15, 2008).

Miceli v. Martinez, No. 08-1380, 2008 WL 4279887, 2 (M.D.Pa. Sept. 15, 2008)

This exhaustion rule in federal habeas corpus proceedings is also subject to a procedural default requirement. "[A] procedural default in the administrative process bars judicial review because 'the reasons for requiring that prisoners challenging disciplinary actions exhaust their administrative remedies are analogous to the reasons for requiring that they exhaust their judicial remedies before challenging their convictions; thus, the effect of a failure to exhaust in either context should be similar.' Sanchez, 792 F.2d at 698.  We require exhaustion for three reasons:  (1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing  agencies the opportunity to correct their own errors fosters administrative autonomy.  Bradshaw, 682 F.2d at 1052; see also Schlesinger v. Councilman, 420 U.S. 738, 756-57, 95 S.Ct. 1300, 1312, 43

8

L.Ed.2d 591 (1975) (exhaustion avoids duplicative proceedings and insures that judicial review will be informed and narrowed); McKart v. United States, 395 U.S. 185, 195, 89 S.Ct. 1657, 1663, 23 L.Ed.2d 194 (1969) (circumvention of administrative process diminishes effectiveness of an agency by encouraging prisoners to ignore its procedures).  Requiring petitioners to satisfy the procedural requirements of the administrative remedy process promotes each of these goals." Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 761-62 (3d Cir. 1996)  For these reasons, "a federal prisoner who. . . , fails to exhaust his administrative remedies because of a procedural default, and subsequently finds closed all additional avenues of administrative remedy, cannot secure judicial review of his habeas claim absent a showing of cause and prejudice." Id.

Powell's efforts to avoid or negate this exhaustion requirement simply by claiming that he regarded exhaustion as futile are unpersuasive.  While this exhaustion requirement is a prudential limit on the exercise of judicial power which court may forego in limited circumstances where no purpose would be served by exhaustion, this case is not one of those narrow instances where the court should forego exhaustion.  The exceptions to this rule favoring full exhaustion are typically restricted to situations where an inmate is attacking the constitutionality of a prison policy, see Woodall v. Fed. Bureau of Prisons, 432 F.3d 235 (3d Cir. 2005), or the

9

facts reveal that administrative procedures could not have provided the prisoner any meaningful relief.  Lyons v. U.S. Marshals, 840 F.2d 202, 207 (3d Cir. 1988).

Neither of these narrow exceptions to the general rule favoring exhaustion of administrative remedies has any application here.  Powell's habeas petition does not challenge the constitutionality of any prison regulation.  Instead, it raises a fact-bound question concerning the fairness of certain disciplinary hearings.  This is a matter where timely administrative review could have provided Powell with meaningful relief.  Further, the other goals fostered by full exhaustion would have been promoted in this case, even if prison officials had not altered these disciplinary sanctions.  A timely and thorough administrative review of these decisions would have allowed the Bureau of Prisons to develop a factual record and apply its expertise to these facts in a way that would have facilitated judicial review.  Proper administrative exhaustion would have also permitted the Bureau of Prisons to grant the relief requested, thereby conserving judicial resources and would have  fostered administrative autonomy by providing the Bureau of Prisons the opportunity to correct any potential errors.  See Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 761-62 (3d Cir. 1996).  Therefore the prudential factors favoring exhaustion were fully satisfied here and exhaustion was required in this case.

Nor can Powell avoid this exhaustion requirement by making a showing of cause and prejudice which would justify excusing him from exhausting these administrative remedies.  Indeed, Powell's petition does not even attempt to provide a cause for this failure.  Rather, Powell's argument proceeds from the premise that the exhaustion requirement generally applicable to all inmates simply should not apply to him.  On this score, we believe that Powell errs.  The basic legal requirement of administrative exhaustion applies here and is fatal to Powell's habeas corpus petition. With respect to his complaints in this petition regarding these 2013 and 2014 disciplinary citations Powell is an inmate who has failed to exhaust his remedies, and now fails to provide cause and prejudice which excuses this earlier procedural default.  Therefore, Powell's unexhausted claims should be dismissed.

### III.   Conclusion

Accordingly, for the foregoing reasons, we conclude that the Petition for Writ of Habeas Corpus should be DENIED and that a certificate of appealability should not issue.  An appropriate order follows.

Submitted this 29th day of October 2015.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge